FILED
CLERK

10:37 am, Aug 03, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------X

FARMERS PROPERTY AND CASUALTY
INSURANCE COMPANY formerly doing
business as METROPOLITAN PROPERTY
AND CASUALTY INSURANCE COMPANY,

                Plaintiff,

    - against –

EDMUND F. FALLON, BEATRICE FALLON,
JASON PETER TAYLOR and PRATT
TRUCKING AND EXCAVATING, LLC,

                Defendants.

------------------------------------------------X

**MEMORANDUM**
**OF DECISION & ORDER**

21-CV-6022 (GRB)(ARL)

**GARY R. BROWN, United States District Judge**:

In this action, which can well be described as Daedalean, plaintiff Farmers Property and Casualty Insurance Company seeks a declaratory judgment absolving it from duties to defend and indemnify arising from a homeowners' policy in relation to an automobile collision that has given rise to at least three sets of claims being litigated in at least two courts. While the insured homeowners have failed to appear, plaintiff has not sought a default but rather moved for summary judgment, while the remaining defendants—the owner and the operator of the *other* vehicle involved in the collision—have opposed. Against this labyrinthian backdrop, with a skeletal factual record, and for the reasons that follow, the Court exercises its discretion, as defined in statute and case law, to decline to render a declaratory judgment. As a result, the action is dismissed.

*Facts and Procedural History*

To the extent they can be extricated from the filings, the tangled web of facts and legal maneuvers seem drawn from a law school torts exam, and include the following:

1

On October 21, 2019, an automobile accident occurred on Lakeshore Drive in either Silver Bay, New York, or Hague, New York.[1] Docket Entry ("DE") 1 at 4. These locations, nestled somewhere near Lake George, lie well outside the geographical jurisdiction of this Court.[2] Based on the materials and record submitted, one can only draw deductions and conjecture about the underlying facts. It seems that the collision involved a vehicle operated by Edmund Fallon (the "Fallon Vehicle")—probably a car—and a conveyance owned by Pratt Trucking—likely a truck of some kind. DE 32-8 ¶¶ 3-5. Jason Taylor, who operated the Pratt Trucking vehicle, is alternatively characterized as an employee, lessee, agent and independent contractor. DE 1 at 13. The accident happened near the driveway of a home owned by Edmund, Beatrice and Michael Fallon, an egress onto Route 9N, and may have been caused by hedges or other landscaping which presumably blocked the drivers' views. *See id.* at 36-37. Edmund Fallon seems to have been the owner of the car, and Kathleen Durando, his passenger and likely guest; both sustained injuries in the accident. *See* DE 32-8 ¶¶ 4, 5. That the Court has been kept in the dark about so many details has some bearing on the appropriate outcome here.

Via a Verified Complaint, Edmund Fallon and Durando commenced an action against Taylor and Pratt Trucking in a state court in Nassau County in December 2019, claiming unspecified negligence and injuries in connection with the accident (the "Car Crash Action"). DE 1 at 12. On July 22, 2021, apparently as a result of matters learned in discovery in the Car Crash Action, Taylor and Pratt Trucking commenced a third-party action against Edmond, Beatrice and Michael Fallon, owners of the Lakeshore home, contending that the accident was "caused solely" by the owners' collective negligence in failing to maintain the driveway and

---

[1] The location of the relevant home (and the collision) is listed, without explanation, in these two different locations on the very same page of the complaint. DE 1 at 4.
[2] While venue appears appropriate because, at least allegedly, Edmund and Beatrice Fallon reside in Nassau County, the filing of the case in this Court—like many aspects of this case—remains curious, though probably irrelevant.

foliage at the property (the "Foliage Action"). *See id.* at 37. As a result of this purported failure, the Foliage Action seeks "full indemnification" and contribution by and from the three property owners in four articulated claims, two of which are alleged against "Beatrice Fallon and Michael Fallon only." *Id.* at 37-39.

Edmond and Beatrice Fallon maintained a homeowners' insurance policy with Farmers. *Id.* at 4. Michael Fallon, identified as an owner of that property in the Foliage Action, is not a listed insured on the Farmers policy. *See id.* That fact, along with whether he could be entitled to coverage under the policy and, for that matter, everything else about Michael Fallon, remains a mystery, as the record is all but silent as to his involvement here. Since the third-party action seeks recovery in connection with negligence in maintaining the driveway and adjacent foliage, Edmond and Beatrice Fallon filed a claim with Farmers, seeking defense and coverage. *See* DE 32-8 at 2-3. Farmers denied both, principally on the ground of a "Motor Vehicle Exclusion" in the policy, though agreed to provide a conditional defense in the third-party action while reserving its right to bring a declaratory judgment action.[3] *Id.* at 3-4. In October 2021, Farmers filed the instant action, which it apparently served on the Fallons personally, but seemingly did not serve either (1) Mr. Fallon's counsel in the state court action, or (2) the counsel provided by Farmers to represent them in the Foliage Action. *See* DE 1-1; DE 1-2; DE 1-3; DE 1-4.

There is at least one more claim issue—which may have or could well ripen into another declaratory judgment action—growing out of these circumstances. Because plaintiff alleged and argued that this incident arose from motor vehicle operation rather than risks traditionally

---

[3] Like so many other aspects of this case, the amount spent on the conditional defense remains unavailable to the Court—despite an inquiry on this topic—as plaintiff selected different counsel to represent this action from the counsel handling the third-party action. *See* DE 31 at 7:1-2 ("I don't know because we're not handling the defense."). Indeed, it seems unlikely that counsel retained to represent the Fallons has been made aware of the instant action.

associated with home ownership and maintenance,[4] the Court inquired as to the status of automobile insurance coverage of the Fallon Vehicle, leading to the following colloquy with Farmer's counsel:

> **The Court:** Where is the auto insurer in all of this?
>
> **Counsel:** [] I believe the auto insurer has denied coverage . . . [T]hey've taken the position that since the third party action is a claim for, is a claim based on the improper maintenance of the property, that therefore there's no coverage under the auto policy.

DE 31 at 6:5-13.  Thus, it would seem, Edmond Fallon paid for two insurance policies from different carriers, yet finds neither willing to provide coverage.

In sum, then, the roles of the relevant parties, to the extent they may be ascertained, are summarized in the following table:[5]

|  | Farmers | Edmund Fallon | Beatrice Fallon | Michael Fallon | Jason Taylor | Pratt Trucking | Kathleen Durando | Unknown Insurance Company |
|---|---|---|---|---|---|---|---|---|
| Role in Collision | Insurer, Fallon home | Owner & Driver, Fallon Vehicle, Injured | Owner, Fallon Home | Owner, Fallon Home | Driver, Pratt Vehicle | Owner and Lessor, Pratt Vehicle | Passenger, Fallon Vehicle, Injured | Insurer, Fallon Vehicle |
| Relationship to Real Property |  | Owner | Owner | Owner |  |  |  |  |
| Vehicular Involvement |  | Owner and Driver |  |  | Employee, Lessee, Agent or Independent Contractor | Owner of Vehicle | Passenger, Fallon Vehicle | Insurer, Fallon Vehicle |
| **Role in Litigation and Claims** | | | | | | | | |
| Car Crash Action |  | Plaintiff |  |  | Defendant | Defendant | Plaintiff | Insurer |
| Foliage Action | Providing Conditional Defense | Defendant | Defendant | Defendant | Plaintiff | Plaintiff |  | Denied Coverage |

---

[4] *See, e.g.*, DE 32-9 at 15 (arguing that "homeowners policies, and the premiums charged for same, are not intended to cover the heightened risks associated when an insured is operating an automobile.").
[5] In crafting such a table, one might hope to make order out of chaos.  Such hope, it appears, may be ill-founded.

| Federal Declaratory Judgment Action | Plaintiff | Defendant | Defendant | | Defendant | Defendant | | |
|---|---|---|---|---|---|---|---|---|
| Automotive Insurance Claim re: Foliage Action | | Claimant | Unknown | | | | | Denied Coverage |

**DISCUSSION**

*Summary Judgment Standard*

This motion for partial summary judgment is decided under the oft-repeated and well-understood standard for review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211–12 (E.D.N.Y. 2015), *aff'd* 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed or improperly disputed facts, the plaintiffs are entitled to partial summary judgment. *See id.*

*Discretionary Exercise of Jurisdiction in a Declaratory Judgment Act Case*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). While the Court here plainly has jurisdiction to enter declaratory judgment, the exercise of such jurisdiction remains discretionary because the Act "provides only that federal courts '*may* declare the rights and other legal relations of an[ ] interested party seeking such declaration' in 'a case of actual controversy' – not that they must so declare." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d Cir. 2023) (quoting 28 U.S.C. § 2201(a)) (emphasis in original).

Earlier this year, in *Admiral Insurance*, a decision penned by Circuit Judge Richard J. Sullivan, the Second Circuit clarified the factors a district court should consider in determining

whether to exercise its discretion under the Declaratory Judgment Act. *See generally id. Admiral Insurance* identified six factors that should be weighed "to the extent they are relevant in a particular case":

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved;
>
> (2) whether such a judgment would finalize the controversy and offer relief from uncertainty;
>
> (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata;
>
> (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court;
>
> (5) whether there is a better or more effective remedy; and
>
> (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

*Id.* at 99-100 (*purgandum*[6]). The Circuit emphasized that the district court retains "wide latitude" and "broad" though "not unfettered" discretion to consider these "non-exhaustive" factors to determine "whether the normal principle that federal courts should adjudicate claims [over which they have] jurisdiction should yield to considerations of practicality and wise judicial administration in a particular case." *Id.* (*purgandum*). Remarkably, most (if not all) of these factors are applicable to the instant case and weigh in favor of declining jurisdiction.

*Factors One and Two: Usefulness, Clarity and Relief from Uncertainty*

---

[6] As the Court of Appeals of North Carolina held in *Matter of A.R.*, 260 N.C. App. 456 (2018) (and numerous cases since):

> Our shortening of the latin phrase "*Lex purgandum est*." This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use *purgandum* to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.

6

In this action, Farmers advances two theories to support a declaration that coverage need not be provided under its homeowners' policy. The first is a "Motorized Land Vehicle Exclusion" contained in the policy, which bars coverage for "bodily injury or property damage arising out of . . . the ownership, maintenance, occupancy, operation, use, loading or unloading of a motorized land vehicle or trailer owned or operated by or rented or loaned to you." DE 32-9 at 11. From this, counsel seeks "an order declaring that the Motorized Land Vehicles exclusion bars coverage for the third-party action and that Farmers has no duty to defend and indemnify Edmund and Beatrice Fallon." *Id.* at 15.

As defense counsel properly points out, however, there are a few links missing in that deductive chain. The vehicle in question was owned and operated by Edmund Fallon. Therefore, a declaration based on this ground would be limited only to Edmund Fallon, and thus, Farmers would continue to be required to provide a defense and indemnification for Beatrice Fallon. In fact, the exclusionary language in this policy distinguishes this case from the policy at issue in *U.S. Fire Ins. Co. v. New York Marine & Gen. Ins. Co.*, 706 N.Y.S.2d 377, 377 (2000), upon which plaintiff relies. In that case, the policy provided that:

> This insurance does not apply . . . to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of . . . any automobile . . . *owned or operated by or rented or loaned to any insured* . . . .

*Id.* (emphasis added). By contrast, in this case, the use of "you" in the policy language would suggest that the exclusion applies individually to each insured as the reader of the policy,[7] making it materially different from a policy exclusion applicable to a vehicle owned or operated by "any insured." *See U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F.Supp.2d 348, 356 (2d Cir.

---

[7] Remarkably, the policy includes a definition of "you" that embraces co-residing spouses and relatives, the implications of which are not immediately apparent. *See* DE 32-6 at 8.

7

2006) ("Policy exclusions are interpreted in a manner most beneficial to the insured."). Furthermore, even assuming, *arguendo*, that the exclusion applied to Beatrice, questions would remain about the status of Michael Fallon, a Foliage Action defendant and co-owner of the property who might be entitled to coverage.

Farmers' second ground to support a declaration is an exclusion for "injury to any insured," which would seem to limit its exposure regarding the injuries to Edmond Fallon at issue in the Foliage Action. However, as Farmers acknowledges, this exclusion applies solely to the alleged injuries to Edmund. *See* DE 32-14 at 7. Since the Foliage Action also involves alleged injuries to Durando, Farmers would remain responsible for the defense and indemnification of the Fallons in that regard. Thus, the declaration sought would do little to clarify or finalize the matters at issue, as Farmers' obligations to litigate the Foliage Action would continue virtually unabated. Thus, these factors weigh heavily against the exercise of jurisdiction.

*Factors Three and Four: Procedural Fencing and Inter-Jurisdictional Relations*

Review of the procedural morass created through overlitigation of a straightforward personal injury suit renders inarguable the unabashed maneuvering underlying this suit. While this may not be precisely the "race to the courthouse" envisioned by the Circuit, these circumstances are redolent with litigative manipulation. Relatedly, the advent of this action in tandem with the reported denial of coverage by the automobile insurance carrier because of the existence of a homeowners' policy seems designed to unfairly whipsaw the insured. Moreover, as the Court raised during argument of these motions, that this action seeks to compel this Court to encroach on matters that are indisputably more familiar to the state judge handling the underlying litigation seems inappropriate. Thus, factors three and four also weigh against the exercise of jurisdiction.

*Factors Five and Six: Judicial Economy and the Existence of a Better Remedy*

The last two factors overwhelmingly favor declination in this case. The scant factual record places this Court in the unwelcome position of positing speculation in place of facts. This includes the absence of the real parties in interest—the insured—and raises troubling questions about plaintiff's decision not to serve any of the attorneys working on their behalf. As a matter of judicial economy, the inefficiencies are obvious: plaintiff is endeavoring to have this Court master and opine on pieces of a factual record, when the state court has a complete record of two sets of claims. At a hearing, counsel unabashedly acknowledged that the declaratory judgment action was brought before this Court solely based upon that which plaintiff considered its convenience without regard for efficiency:

> **The Court:** [F]rom [ ] a judicial economy standpoint, [ ] you have a State Judge who's up to his or her eyeballs in this accident, they know all the parties and all the players. And then we come here and I [ ] have this little tiny window into the situation . . . . [I]s there a reason why your client preferred to have that adjudicated here and not adjudicated by the Judge who's actually handling the underlying litigation?
>
> **Counsel:** Yes, Your Honor and the Federal Courts handle these cases much more expeditiously. And we could get a decision. And if we're successful, [we'd stop] paying defense costs sooner. Otherwise in State Court you could be, you know, dragging on for years.

DE 31 at 15:8-21.

And, of course, there is a better remedy. New York law specifically provides for its courts to issue declaratory judgments. *See* N.Y. C.P.L.R. § 3001. It has long been the law in the state that "declaratory judgments construing insurance contracts apply to situations where issues of fact on which the insurance coverage depends do not await to be adjudicated in the principal action." *Prashker v. U.S. Guarantee Co.*, 1 N.Y.2d 584, 591–92 (1956). In fact, one of the authorities relied upon by plaintiff on this motion provides a perfect example. *See U.S. Fire Ins. Co.,* 706

9

N.Y.S 2d at 380 at 24 (upholding lower court decision granting declaratory judgment to insurer on coverage question involving automobile exclusion to homeowner's policy).

Thus, the *Admiral* factors weigh against the exercise of jurisdiction under the Declaratory Judgment Act. On these facts, the appropriate conclusion seems obvious.

## CONCLUSION

Based on the foregoing, the Court declines to grant the declaratory judgment sought by plaintiff, and the matter is DISMISSED. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 3, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge